IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES B. STEGEMAN and
JANET D. McDONALD,

                    **Plaintiffs,**

    v.                                1:06-cv-0247-WSD

WACHOVIA BANK, NATIONAL
ASSOCIATION, et al.,

                    **Defendants.**

## ORDER

This action originally was filed in the Superior Court of DeKalb County, Georgia. Plaintiffs James B. Stegeman and Janet D. McDonald ("Plaintiffs") assert claims against Defendant Wachovia Bank, National Association ("Wachovia"), and dozens of named and unnamed defendants employed by or associated with Wachovia and its related entities. The defendants include, for example, the Chief Executive Officer of Wachovia, the "Wachovia Board of Directors," compliance officers, and many named individuals identified by general terms such as "Wachovia employee."

Although not entirely clear from the pleadings of record in this Court, Plaintiffs appear to assert claims based on accounts held at a Wachovia branch located in DeKalb County, Georgia. Plaintiffs' allegations reference Wachovia's actions in relation to these accounts and Wachovia's handling of the dispute with Plaintiffs. Plaintiffs assert dozens of state-law claims against defendants, including, among others, breach of contract, grand larceny and various forms of fraud and conspiracy. Plaintiffs seek damages of $850,000,000.

On February 6, 2006, Wachovia removed this action to this Court on the basis of diversity jurisdiction. (See Notice of Removal [1] at 3-4.) Wachovia claims removal is proper under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because Plaintiffs are citizens of Georgia, Wachovia maintains its principal place of business in North Carolina and Plaintiffs have alleged an amount in controversy exceeding $75,000. (Id.)

Federal courts are courts of limited jurisdiction, and thus a federal court must take care to ensure that it has jurisdiction for all cases that come before it. Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000). To that end, a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion. Id.;

Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."). Here, Wachovia's removal to this Court raises a jurisdictional issue which the Court, *sua sponte*, must address before it proceeds further.[1]  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (recognizing that a district court may *sua sponte* decide to remand the case for lack of subject matter jurisdiction).

"[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal generally is

---

[1] On March 3, 2006, Plaintiffs filed a Motion to Deny Removal of Civil Action [5]. Plaintiffs' motion does not provide a legitimate basis for remanding the case to state court.

-3-

appropriate in three circumstances: (1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted. Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005). Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Wachovia claims this Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.[2] Wachovia claims there is complete diversity because Plaintiffs are citizens of Georgia and Wachovia is a citizen of North Carolina. Wachovia does not provide the Court with the citizenship of the dozens of other defendants who are named in the complaint. Wachovia appears to assume

---

[2] In their Complaint, Plaintiffs list "United States Constitutional Rights Violations" among the litany of claims asserted. Wachovia does not claim removal is appropriate on the basis of federal-question jurisdiction, and the Court's review of Plaintiffs' Complaint, although difficult to analyze, does not reveal substantial allegations of violations of federal constitutional rights.

that if a defendant has not been served with process in this action, then his or her citizenship may be ignored in determining whether there is complete diversity of citizenship.  (See Wachovia's Resp. to Pls.' Mot. to Remand at 3-4 ("In this case, the instant District Court has original jurisdiction, and this action could have been brought in this Court in the first instance, because Plaintiffs and Wachovia Bank, *the only defendant served in this action*, are completely diverse, and the jurisdictional amount in controversy has been satisfied.") (emphasis added).)

"Diversity jurisdiction, as a general rule, requires complete diversity -- every plaintiff must be diverse from every defendant."  Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994).  In assessing whether there is complete diversity in this action, the Court must determine whether to consider the citizenship of the defendants in the complaint who have not been served with process, or to consider only the citizenship of Wachovia.  "[T]he law is clear that the citizenship of all named defendants, *whether served with process or not*, must be considered in determining whether complete diversity exists, thereby providing a jurisdictional basis for removal under 28 U.S.C. § 1441(a)."  Ott v. Consol. Freightways Corp., 213 F. Supp. 2d 662, 664 (S.D. Miss. 2002).  See Jackson v. Bank One, 952 F. Supp. 734 (M.D. Ala. 1996) (rejecting removing party's

contention that the court may ignore the nondiverse defendant's citizenship because he had not yet been properly served); Burke v. Humana Ins. Co., 932 F. Supp. 274 (M.D. Ala. 1996) (same).  See also 14B Wright, Miller & Cooper, Federal Practice and Procedure § 3723, at 585 (3d ed. 1998) ("A party whose presence in the action would destroy diversity must be dropped formally as a matter of record to permit removal to federal court.  It is insufficient, for example, that service of process simply has not been made on a nondiverse party . . . .").

Wachovia has not provided the Court with a sufficient basis to determine the citizenship of the dozens of defendants named in the complaint.[3]  Because Wachovia has the burden of showing removal is proper and uncertainties are resolved in favor of remand, the Court finds complete diversity does not exist in this case and Wachovia's removal of this action was not proper.  Because Wachovia fails to demonstrate that the Court has subject matter jurisdiction over this case, the Court is required to remand this action pursuant to 28 U.S.C. § 1447(c).  Accordingly,

---

[3] Plaintiffs' allegations concern activities at a Wachovia branch in DeKalb County.  It is reasonable to assume that some of the defendants named as Wachovia employees are employees at the DeKalb County branch and are citizens of Georgia.

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is **DIRECTED** to **REMAND** this action to the Superior Court of DeKalb County, Georgia.

**SO ORDERED**, this 4th day of April, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE